**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| HARRY JAMAL WILLIAMS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-12-2682 |
| UNITED STATES | * | |
| Defendant | * | |

\*\*\*

**MEMORANDUM OPINION**

Self-represented plaintiff Harry Jamal Williams brings this action under the Federal Tort Claims Act[1] against the United States, claiming the United States Attorney District of Maryland, several Assistant United States Attorneys, and other attorneys employed by the Department of Justice and the Internal Revenue Service, claiming they are "joint tort-feasors" because their actions resulted his "false arrest" and allegedly improper conviction. He demands $4,386,600,00.00 in damages.

**BACKGROUND**

Plaintiff, who is known as Harry James Williams, was convicted following a jury trial of presenting a false claim to the Internal Revenue Service in violation of 18 U.S.C. § 287 in *United States v. Williams*, Criminal Case No. DKC-10-102 (D. Md. 2010).  When Williams failed to appear for sentencing, he was sentenced *in absentia* to concurrent terms of imprisonment of sixty and seventy-two months, to be followed by three years of supervised release and ordered to pay $ 1,149,170.19 in restitution.  Plaintiff did not appeal.  His later filed Motion to Vacate, Set Aside or Correct Sentence was denied in *Williams v United States*, Civil Action No. DKC-11-950 (D. Md. 2012).

---

[1]  Plaintiff has submitted a copy of the administrative tort claim he submitted to the Department of Justice on August 11, 2011, and claims he received no response. ECF No. 1 at 4.  Plaintiff provides no factual predicate to find federal officials committed any actions in tort against him.

## ANALYSIS

Although Williams styles his Complaint as brought under the Federal Tort Claims Act, he is actually attempting to present a prisoner civil rights complaint for damages against federal officials under the holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971),[2] and this case will be construed accordingly. Plaintiff has failed to submit the $350.00 filing fee or provide a proper motion to proceed in forma pauperis, but will be granted in forma pauperis status for the limited purpose of preliminary review.

Review of this case was made pursuant to 28 U.S.C. § § 1915, 1915A, and applicable case precedent. Mindful that Williams is a pro se litigant, the court construed his complaint liberally. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978); *Erickson v. Pardus*, 551 U.S. 89 (2007). Even under this less stringent standard, however, the Complaint is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Neither civil tort nor prisoner civil rights actions are appropriate vehicles for challenging the validity of a criminal judgment. Unless a criminal conviction is reversed on appeal, on collateral review, expunged, or otherwise declared invalid, a civil rights action based on the conviction is barred under the holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87. (1994). In this case, judgment

---

[2] *Bivens* established a cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C.§ 1983. Case law involving § 1983 claims is applicable in *Bivens* actions. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

in favor of Plaintiff would necessarily imply the invalidity of his conviction and sentence; consequently, this case must be dismissed.[3]  A separate Order follows.

 

                                                            /s/
                                        **PETER J. MESSITTE**

**October 11, 2012**                              **UNITED STATES DISTRICT JUDGE**

---

[3] It also bears noting that federal prosecutors are immune from civil suits for damages for actions taken while performing traditional prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).